# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LARA ELLER,

    Plaintiff,

v.                              Case No. CV414-202

CAROLYN W. COLVIN,

    Defendant.

## ORDER

In this employment discrimination case, plaintiff Lara Eller seeks leave to take three depositions beyond the ten allowed by Fed. R. Civ. P. 30(a)(2)(A)(i), plus an extension of the discovery period by three weeks to enable them. Doc. 31. Defendant objects. Doc. 32.

Plaintiff, an employee of the Social Security Administration's ("SSA") Office of Disability Adjudication and Review ("ODAR"), filed a complaint alleging that the chief administrative law judge ("ALJ") in her area passed her over for promotion because of unlawful racial discrimination. *See* doc. 1 at 16 (filed September 16, 2014). After a Rule 26(f) conference, the Court entered a scheduling order requiring defense

expert witness reports by March 31, 2015 and terminating discovery on May 1, 2015. Doc. 20.

Plaintiff took her tenth and final deposition on March 20, 2015. Doc. 31 at 3. Defendant timely filed two expert witness reports on March 31, 2015. Docs. 29, 30. Approximately two weeks later, Eller filed the present motion so she could depose those experts and an SSA investigator, Ron Johnson, who interviewed the hiring ALJ. Docs. 29-31.

Fed. R. Civ. P. 30(a)(2)(A)(i) limits to ten the number of depositions a party may take without leave of court. Should a party seek leave, a court "must grant [it] to the extent consistent with Rule 26(b)(2)." *Id.* Rule 26(b)(2)(C) in turn requires that a court limit the frequency and extent of discovery otherwise allowed if:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Nevertheless, courts have "wide discretion" in determining whether to allow additional depositions. *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996); *Arnold v. Rayonier, Inc.*, 181 F.R.D. 549, 556 (S.D. Ga. 1998) ("District courts are accorded wide discretion in ruling upon discovery motions. . . .").

None of the Rule 26(b)(2)(C) factors here point decisively toward denying leave to depose the experts. Moreover, the Court cannot discern from plaintiff's request any attempt by counsel to ratchet up discovery costs or otherwise "grind down" defendant. Given plaintiff's self-imposed limitation on the length of the depositions (she says they will take no more than two hours, doc. 31 at 6) and their potential importance to this case, the Court will not deprive her of the opportunity to question defendant's experts.[1]

Ron Johnson is different. Eller states that she would like to authenticate the interview report that he produced "and ask him questions about his interview." Doc. 31 at 5. But authentication need

---

[1] Plaintiff suggests that "[e]xpert witness depositions do not count towards the ten per-side deposition limit of Rule 30(a)(2)(A)(i)." Doc. 31 at 7 (quoting *Rayco Mfg., Inc. v. Deutz Corp.*, 2010 WL 183866 at * 3 (N.D. Ohio Jan. 14, 2010). Defendant vigorously (and cogently) disagrees, doc. 32 at 12-15, but the Court need not reach that issue given its decision under Rules 30 and 26 to allow the expert depositions here.

not occur by deposition -- an affidavit from Johnson will suffice. *See Broughton v. U.S. Bank, N.A.*, 571 F. App'x 891, 892 (11th Cir. 2014) (affidavit can authenticate document attached to a motion). And, in any case, defendant represents that plaintiff already has a true and correct copy of the summary at issue. Docs. 32 at 4; 32-2 at 25-32.

So, exercising its discretion, the Court **GRANTS** plaintiff leave to depose defendant's two proposed experts. She must pay all non-attorney costs of those depositions, and each deposition is limited to three hours. The Court, however, **DENIES** leave to depose Ron Johnson.

The Court also **GRANTS** plaintiff's request to extend discovery. Doc. 31 at 9. In light of the impending deadline for the parties to file motions, doc. 20 (deadline of May 31, 2015), the Court extends that deadline as well. Plaintiff has until June 30, 2015 to depose defendant's proposed experts, and the parties have until July 21, 2015 to submit motions, including motions for summary judgment.

**SO ORDERED** this 27th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA