```
                                                    FILED
       IN THE UNITED STATES DISTRICT COURT U.S. DISTRICT COURT
          THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIV.
                    SAVANNAH DIVISION
                                                 JUL 10 2015
```

LARA ELLER,                          )
                                     )          CLERK
        Plaintiff,                   )          SO. DIST. OF GA
                                     )
v.                                   )          CASE NO. CV414-202
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of the Social           )
Security Administration,             )
                                     )
        Defendant.                   )
                                     )

## O R D E R

Before the Court is Defendant's Motion to Strike Punitive Damages (Doc. 9) and Motion to Dismiss Counts Two and Three (Doc. 10). Plaintiff has conceded that punitive damages are inappropriate and inapplicable to this case. (Doc. 12 at 1 n.1.) Accordingly, Plaintiff's Motion to Strike Punitive Damages (Doc. 9) is **GRANTED**. For the reasons stated below, however, Plaintiff's Motion to Dismiss (Doc. 10) is **GRANTED IN PART** and **DISMISSED AS MOOT IN PART**.

The parties are in agreement that count two of Plaintiff's complaint is without merit. While count two seeks relief under 42 U.S.C. § 1981 for employment discrimination, Defendant points out in her motion that Title VII of the Civil Rights Act of 1964 is the exclusive

remedy for federal employees alleging employment discrimination. (Doc. 10 at 5.) Plaintiff concedes in her response that § 1981 is simply inapplicable to this case and that the count is due to be dismissed. (Doc. 12 at 1 n.1.) Accordingly, Defendant's request to dismiss count two is **GRANTED**.

With regard to count three of Plaintiff's complaint, however, the parties are not so similarly aligned. Defendant argues in her motion that count three, which alleges retaliation against Plaintiff for engaging in protected activity, is due to be dismissed because Plaintiff has failed to plead facts that demonstrate either that she suffered a materially adverse employment action or that her engagement in protected activity was the cause of the alleged adverse employment action. (Doc. 10 at 7-10.) Plaintiff has filed a response in opposition. (Doc. 12.) The Court, however, is presently unable to properly evaluate either Defendant's motion or Plaintiff's response.

After a careful review of Plaintiff's complaint, the Court finds that count three constitutes an impermissible "shotgun pleading." A shotgun pleading exists where a count "incorporate[es] by reference the allegations of its predecessors, leading to a situation where . . . [the count] contain[s] irrelevant factual allegations and legal

conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are pertinent to a particular cause of action asserted. See id.

Here, count three of the complaint incorporates by reference all allegations of the complaint and simply offers the conclusory allegation that Plaintiff suffered "adverse employment actions." (Doc. 1 at 18.) Plaintiff has left the Court to determine which factual allegations in her twenty-two page complaint, if any, may actually support her claim. In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see generally Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When

faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11 of the Federal Rules of Civil Procedure. See Cramer, 117 F.3d at 1263 (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader." (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011))).

The Court declines to parse through Plaintiff's complaint and elucidate the issues with regard to count three on Plaintiff's behalf. Plaintiff shall have **twenty days** from the date of this order to submit an amended complaint that corrects the deficiencies stated above.[1] Accordingly, Defendant's motion to dismiss count three is

---

[1] Plaintiff should be aware that the Court will not accept any amended pleading that incorporates by reference any factual allegation or argument contained in an earlier filing. The amended complaint should be a stand-alone filing that independently contains all the factual allegations and arguments that Plaintiff wishes the Court to consider.

4

**DISMISSED AS MOOT.**[2] Defendant may reassert her motion if necessary after Plaintiff has filed an amended complaint.

SO ORDERED this 10th day of July 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because Plaintiff must file an amended complaint, Defendant's Motion for Partial Judgment on the Pleadings (Doc. 15) is also **DISMISSED AS MOOT.**